O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GROUP A. AUTOSPORTS, INC., a California Corporation,<br><br>             Plaintiffs,<br><br>v.<br><br>MATTHEW HOLTZBERG, an individual; COMPOSITE CASTINGS, LLC, a New Jersey Limited Liability Company; DOES 1 through 10, inclusive<br><br>             Defendants. | CASE NO. EDCV 08-00215 SGL (OPx)<br><br>ORDER DENYING MOTION TO DISMISS FOR IMPROPER VENUE<br><br>ORDER DENYING MOTION TO TRANSFER FOR INCONVENIENCE |

    This matter is before the Court on defendants' motion to dismiss for improper venue (docket #8) and defendants' motion to transfer venue for inconvenience (docket #8). As set forth herein, the Court **DENIES** the motion to dismiss (docket #8) and **DENIES** the motion to transfer (docket #8).

### Background

    This case arises out of an alleged breach of contract for the sale of fuel rails and manifolds, and alleged misrepresentations concerning defendant's capacity to produce these goods. Plaintiff Group A Autosports ("Group A" or "plaintiff") is a California corporation with its sole place of business in Norco, a city located in Riverside County. Hsu Decl., ¶ 3, 5. Defendant Composite Castings ("Composite") is a sole proprietorship located in New Jersey which is owned by defendant

Matthew Holtzberg ("Holtzberg"), a resident of New Jersey. Holtzberg Decl., ¶ 1, 2; D. Mot., at 2.

Holtzberg first contacted Group A chairman David Hsu ("Hsu") by telephone after seeing Group A's advertisement in a magazine sold throughout the United States, including New Jersey. Holtzberg Decl., ¶ 3; Suppl. Hsu Decl., ¶ 5-6. Defendants subsequently mailed marketing materials to plaintiff from their New Jersey address describing their manufacturing processes and products. Hsu Decl., ¶ 8. Hsu and Holtzberg began negotiations over an agreement whereby defendants would provide manifolds and fuel rails to plaintiff. Holtzberg Decl., ¶ 3; Hsu Decl., ¶ 6. These negotiations consisted primarily of email and telephone communications between the parties' respective places of business. Hsu Decl., ¶ 10. Over the course of these negotiations, Hsu met with Holtzberg in New Jersey at an auto racing competition in which Hsu was participating, and at a subsequent dinner. Hsu Decl., ¶ 17; Suppl. Holtzberg Decl., ¶ 6-7.

The parties disagree over the extent that they discussed terms and conditions of the agreement at this meeting. Suppl. Holtzberg Decl., ¶ 7; Hsu Decl., ¶ 19. Also during negotiations, Holtzberg's son, Mason Holtzberg ("Mason") traveled to California, where he toured the Group A facility and had lunch with Hsu. Mason Decl., ¶ 3; Suppl. Opp. at 3. Again, the parties disagree over the extent that they discussed business at this meeting. Mason Decl., ¶ 3-4; Pl. Suppl. Opp., at 3.

The parties eventually reached an agreement and each signed the memorandum of contract at their respective places of business. Holtzberg Decl., ¶ 3.

Pursuant to this agreement, plaintiff mailed purchase orders to defendant in New Jersey. Holtzberg Decl., ¶ 4. Defendants manufactured eight hundred spacers in New Jersey and shipped them to plaintiff in California. Id. Defendants sought the services of Protocam, a Pennsylvania business, and West Pattern, a New Jersey business, in manufacturing the products for plaintiff. Id. at 5-6.

Protocam produced 300 fuel rails which were never shipped to Group A. Id. at 5. West Pattern attempted to make molds based on plaintiff's designs. Id. at 6. Defendants anticipate that Protocam Engineering Manager Ed Graham and West Pattern Co-Owner Doug Trendall would both serve as material witnesses in this case. Id. at 5-6. Defendants also subcontracted with other businesses, including Griffen Industries, located in Wisconsin, Capital Patterns, located in Illinois, and Ensinger, located in Pennsylvania. Hsu Decl., ¶ 24. Plaintiff anticipates potentially using these individuals and others located throughout the country as witnesses. Hsu Decl., ¶ 24-27.

Plaintiff filed a complaint in the United States District Court for the Central District of California, alleging subject matter jurisdiction based on diversity of citizenship per 28 U.S.C. § 1332. Complaint, at 2.

Pursuant to 28 U.S.C. § 1391, defendants filed a motion to dismiss for improper venue, contending that plaintiff has failed to establish proper grounds for venue. D. Motion, at 4. In the alternative, defendants request a change of venue per 28 U.S.C. § 1404 to transfer this case to the United States District Court of New Jersey. Id.

**Motion to Dismiss for Improper Venue:**

Under Federal Rule of Civil Procedure 12(b)(3), a party may challenge a complaint for improper venue by way of motion. Where jurisdiction is founded only in diversity of citizenship, as it is here, 28 U.S.C. § 1391(a) states that venue is only proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Where venue is improper, 28 U.S.C. § 1406(a) requires that the court dismiss the action or transfer it to an appropriate court. An appropriate court for the purposes of transfer is one "in which the action might have been brought by the plaintiff," meaning "one that would have subject matter and personal jurisdiction over the defendant, and where venue is proper." Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960) (internal quotations and citation omitted).

The parties do not contest that defendants reside in New Jersey. Thus, the first prong of 28 U.S.C. § 1391(a) requires no consideration.

Regarding the second prong, defendants argue that the Central District of California is neither the setting for a "substantial part" of the events giving rise to the claim, nor does it house a "substantial part of the property that is the subject of the action." Conversely, plaintiff argues that a substantial part of the pertinent events occurred, and a substantial part of the subject property resides in California.

The Court finds that, contrary to defendants' assertions, a substantial part of the events giving rise to the alleged breach occurred in California. Holtzberg initiated negotiations between the parties by calling defendant in Norco, apparently in an effort to solicit business, and by subsequently sending marketing material. Further, the majority of the negotiations occurred via telephone and email conversations between California and New Jersey, and both parties signed the agreement in their respective places of business. It seems only fair to attribute mutual activities such as these to the location of each participant. ESI, Inc. v. Coastal Power Prod. Co., 995 F. Supp. 419, 425 (S.D.N.Y., 1998) ("Venue may be proper in the district where the contract was substantially negotiated, drafted, and/or executed, even if the contract was not to be performed in that district and the alleged breach occurred elsewhere."); Etienne v. Wolverine Tube, Inc., 12 F. Supp. 2d 1173, 1180-81 (D. Kan., 1998) (holding that a substantial part of the events giving rise to a breach occurred in-state because the contract was negotiated and executed via interstate communication directed into the state).

Additionally, plaintiffs sent the purchase orders for the products from California, and the breach (the failure of the goods to arrive at the Group A facility on schedule or, alternatively, the failure of the returned money to arrive at the Group A facility) also occurred in California.  Moreover, plaintiffs contend that Mason made some of the alleged misrepresentations during his tour of the Group A facility and his subsequent lunch with Hsu, activities which took place in California.

Although several of the events giving rise to the claim did occur in New Jersey, such as defendants' alleged failure to produce and ship the goods as specified, this does not establish that a substantial part of the pertinent events did not occur in California, as defendants assert, but only that a substantial part of the events also occurred in New Jersey.

Additionally, a "substantial part of the property that is the subject of the action" currently resides in California, including all of Groups A's records of the agreement and the 800 spacers shipped to Group A.  While some, maybe even most, of the relevant property is located in New Jersey and on the East Coast, including defendants' records, the material results of the molds attempted by West Pattern, and the 300 unshipped fuel rails, this does not disprove that a substantial portion is also situated in California.  For these reasons, the Court **DENIES** defendants' motion to dismiss the action for improper venue.[1]

## Motion to Transfer for Inconvenience:

28 U.S.C. § 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of § 1404(a) is: "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . ."  Van Dusen v. Barrack, 376 U.S. 612, 626 (1964) (internal quotations and

---

[1] In their papers filed pursuant to this motion, defendants contend that the Court lacks personal jurisdiction over this case.  However, at the hearing, defendants conceded this issue.  Thus, the Court need not address it in this order.

citation omitted). Section 1404(a) "displace[d] the common law doctrine of *forum non conveniens*" with respect to transfers between federal district courts. <u>Decker Coal Co. v. Commonwealth Edison Co</u>., 805 F.2d 834, 843 (9th Cir. 1986). However, 1404(a) was intended to grant broadly the power to transfer for the convenience of parties and witnesses, whether or not dismissal under the doctrine of *forum non conveniens* would have been appropriate. <u>Norwood v. Kirkpatrick</u>, 349 U.S. 29, 31-32 (1955). The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. <u>Decker Coal</u>, 805 F.2d at 843 (citation omitted). Indeed, "[t]he venue transfer provisions of Section 1404(a) [are] not meant to merely shift the inconvenience to the plaintiff." <u>Reed Elsevier, Inc. v. Innovator Corp.</u>, 105 F. Supp. 2d 816, 821 (S.D. Ohio, 2000) (internal quotations and citation omitted).

Factors to consider in deciding whether to transfer a case pursuant to §1404 (a) include:

> (1) the plaintiff's choice of forum;
> (2) the extent to which there is a connection between the plaintiff's cause of action and this forum;
> (3) the parties' contact with this forum;
> (4) the convenience of the witnesses;
> (5) the availability of compulsory processes to compel attendance of unwilling non-party witnesses;
> (6) the ease of access to sources of proof;
> (7) the existence of administrative difficulties resulting from court congestion;
> (8) whether there is a "local interest in having localized controversies decided at home";
> (9) whether unnecessary problems in conflict of laws, or in application of foreign law, can be avoided; and

>(10) the unfairness of imposing jury duty on citizens in a forum unrelated to the action.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th. Cir. 2000); Decker Coal, 805 F.2d at 843.

Regarding the first factor, plaintiff's choice of the Central District forum weighs against transferring the case to the District of New Jersey. In an attempt to minimize this factor, defendants cite several cases emphasizing how, by passing 1404(a), Congress intended to permit courts to grant transfers upon a lesser showing of inconvenience than was needed under *forum non conveniens*, a dismissal doctrine. Norwood, 249 U.S. at 42. Thus, the plaintiff's choice of forum is no longer the overriding consideration it once was under *forum non conveniens*. Y4 Designs, Ltd. v. Regensteiner Pub. Enterprises, Inc., 428 F. Supp. 1067, 1070 (S. D. N. Y. 1977). However, the Ninth Circuit has held that the plaintiff's choice of forum is still accorded substantial weight in proceedings under § 1404(a). Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).

The convenience-of-the-parties and contact with the forum factors do not seem to significantly favor either forum. Defendants are a resident of New Jersey and a sole proprietorship with its only place of business in New Jersey. Similarly, plaintiff is a California corporation with its sole place of business in California. Both sides claim that most of the material evidence, including their personal records of the transaction and some of the products, is currently located in their respective place of business. Both also claim that it would be inconvenient for them to bring the material evidence across the country for upcoming proceedings. The inconvenience to the defendants caused by litigating in the Central District does not seems so much greater than the potential inconvenience to the plaintiffs from litigating in New Jersey as to warrant a transfer in venue.

The fourth factor, the relative convenience of witnesses, is "often recognized as the most important factor in ruling on a motion under § 1404(a)." Aqua Amusement Assocs., Ltd. v. Walt Disney World Co., 734 F. Supp. 54, 57 (N. D. N. Y. 1990). In analyzing this factor, the court must consider the relative importance of the witnesses, not merely the number of witnesses each side has and the location of each. State Street Capital Corp. v. Dente, 855 F. Supp. 192, 197 (S.D.Tex. 1994); See also Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335-36 (9th Cir. 1984). Both sides claim that several of their employees will be material witnesses, and that these employees would find it inconvenient to travel across the country for this litigation. Defendants also assert that Ed Graham, Engineering Manager of Protocam (a Pennsylvania business) and Doug Trendall, Co-owner of West Pattern (a New Jersey business) would both serve as material witnesses because of their involvement with the alleged breach as manufacturing subcontractors. These individuals would clearly face a lesser inconvenience from litigating in New Jersey than from litigating in California.

However, plaintiff argues that the other subcontractors, including Griffen Industries of Wisconsin and Capital Patterns of Illinois, and other individuals throughout the country, could serve as material witnesses. Thus the burden of the witnesses in traveling to the Central District forum is not substantially greater than the alternative. Although defendants have provided greater detail in explaining the importance of their anticipated witnesses, they have not shown that the relative inconvenience of their witnesses is sufficient to justify a forum transfer.

As with the above factors, the fifth factor (the availability of compulsory measures to compel unwilling witnesses) does not strongly favor one forum or the other. Either side would face the same hurdles in compelling unwilling witnesses to testify in an out-of-state forum.

Regarding the ease of access to sources of proof, defendants argue that much of the evidence is more easily accessible in New Jersey. They note that their

records and all the evidence concerning design implementation and manufacturing, including the manufacturing equipment, the manufacturing facilities, and the 300 unshipped fuel rails, reside with them and with their east-coast subcontractors. Plaintiff counters that they hold much of the evidence in their company records and that they have the 800 spacers that have already been shipped in their possession. Defendant is correct that the Central District forum reduces access to the manufacturing equipment and facilities. Much of this evidence is surely difficult to transport, and the high cost of travel will make inspection more burdensome. However, given the inconvenience to plaintiffs, this inconvenience is not so great as to warrant a transfer of jurisdiction.

For the aforementioned reasons, the Court finds that defendants have not made the strong showing of inconvenience required to warrant "upsetting the plaintiff's choice of forum". Decker Coal, 805 F.2d at 843. Thus, the Court **DENIES** plaintiff's motion to transfer for inconvenience.

## Conclusion

As set forth herein, the Court **DENIES** defendants' motion to dismiss for improper venue. Likewise, the Court **DENIES** defendant's motion to transfer for inconvenience.

DATE: September 2, 2008

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE